Cortland A. Johnson, J.
By this proceeding, in form commenced by a voter of Union Free School District No. 17 of the Town of Oyster Bay (Hicksville), for an order directing action by the board of education of such district, guidance is sought with respect to the registration of voters of the district for a special district meeting desired to be held on August 18, 1956. It is by no means clear that the proceeding is properly brought under article 78 of the Civil Practice Act (or otherwise) or that any order made herein by this court will have any binding effect. However, since the court feels that the proceeding must, in any event, be dismissed, it will state its views of the legal difficulties involved.
The registration of voters in certain union free school districts, of which District No. 17 of the Town of Oyster Bay is one, has been regulated for many years by the Education Law. In 1953, the pertinent provisions were embodied in a section renumbered in that year section 2014. Some time prior to that, the section had acquired the peculiarity of possessing two subdivisions numbered “ 1 ”, and it remained in that condition as renumbered. The two subdivisions bearing the same number *395 treated the same subject with slight, but not crippling, inconsistency ; and the statute was generally treated as creating a system by which a board of education of its own motion might provide for registration of voters, and appoint a board of registration, which was thereafter kept in existence by annual designation of members not later than the 30th day preceding the annual meeting of the district. Thus the law stood on the 30th day before the annual district meeting and election held May 1 and 2, 1956; and a board of registration was duly appointed by the board and notice of the meeting providing for registration of voters was duly given. As section 2014 then provided, voters registering for the annual meeting were enabled to vote at special meetings held for the balance of the school year without again registering. Meanwhile, however, the Legislature passed and the Governor signed chapter 930 of the Laws of 1956, effective April 21,1956. This statute relieved the bicapitate state of section 2014 by repealing “ subdivision one ” and inserting a new one therein, and also amended subdivision 2 of section 2014. The new statute generally preserved the old provisions affecting registration of voters, but the time for designation of boards of registration was made not later than the 30th day after the annual meeting instead of the 30th day before, and a system was set up for a meeting of the board of registration on the occasion of the annual election which when operative would practically accomplish a permanent registration of voters who voted every year. This statute was not acted upon at the annual meeting in May, because no one had been advised of or digested its provisions.
Subsequent to the enactment of this statute, the learned counsel to the State Education Department sent a communication to all village and district superintendents of schools expressing the opinions, among others, that boards of registration then appointed and serving pursuant to the former law would continue in office until 30 days following the annual meeting of 1956, at which time the board of education should appoint the board of registration for the ensuing year; and that the registers prepared for the annual meeting in May, 1956 would be in effect only for such meeting and 30 days thereafter. This interpretation would necessitate the appointment of a new board and an entirely new registration for the special meeting of Union Free School District No. 17 proposed to be held on August 18, 1956. This the board has resolved to avoid, if possible, because of the expense of money to the district and time to the voter. It has embodied this determination in the resolution calling the annual meeting and this proceeding seeks an order *396 directing the board to take action in line with the opinion of the counsel to the State Department of Education.
This court respects the ability and learning of such counsel and has usually found itself in agreement with his views; but in the present instance it doubts whether the results suggested necessarily flow from the new legislation. Nowhere in chapter 930 of the Laws of 1956 is there any language purporting to oust from office boards of registration already appointed for specific terms, or to supersede registers of voters declared valid for definite periods when prepared. In the absence of such specific language, the new statute is entitled to be read in the light of the provisions of sections 93 and 95 of the General Construction Law and it would seem that the board of registration are entitled to complete their terms and that their acts and proceedings are entitled to the full effect accorded them prior to April 21, 1956. Of course, if a board of education were providing for the first time for registration of voters in the district, the new law would have to be followed; but this court sees nothing in the new statute which indicates any purpose to make voting in school district meetings more burdensome or difficult of accomplishment; and regards the proposed action ■ of the Board of Education of Union Free School District No. 17 as substantially and practically complying with a rather clumsy statute, while at the same time enabling those entitled to vote to exercise their right with no unneeded inconvenience to themselves.
Accordingly, the petition herein will be dismissed. Submit order.